UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
UNITED STATES OF AMERICA,

        -against-

DARIN HAMILTON

        Defendant.
───────────────────────────────

**ORDER**
**19-CR-54-01 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On January 31, 2019, Defendant Darin Hamilton was indicted on two counts of murder while engaged in narcotics trafficking in violation of 21 U.S.C. § 848(e)(1)(A) and one count of conspiracy to murder while engaged in narcotics trafficking in violation of 21 U.S.C. § 846. (Indictment (Dkt. 1).) On February 6, 2019, Magistrate Judge Robert M. Levy denied Mr. Hamilton's application for bail, concluding that no combination of conditions would ensure Mr. Hamilton's appearance and protect the safety of the community. (Order of Det. (Dkt. 9).) On March 16, 2020, Mr. Hamilton filed an emergency bail motion, arguing that, in light of Mr. Hamilton's advanced age and medical conditions (which include dementia and a history of stroke and heart attack), the ongoing COVID-19 pandemic constituted a "compelling reason" to justify his release within the meaning of 18 U.S.C. § 3142(i). (Emergency Mot. for Bond ("Mot. 1") (Dkt. 42); *see also* Gov't Letter in Opp. ("Opp.") (Dkt. 43).) The following day, District Judge Margo K. Brodie denied that motion after a hearing, concluding that, in the absence of any cases of COVID-19 in the Metropolitan Detention Center ("MDC") and any recent history of physical ailments, Mr. Hamilton was not "any more at risk than most of the inmates who are similarly situated." (Tr. of Mar. 17, 2020 Bail Hr'g. (Dkt. 44) at 9:12-13.) Judge Brodie further declined to disturb the determination that Mr. Hamilton constituted a danger to the community and directed Mr. Hamilton to

1

"make that application to [this court]." (*Id.* at 11:4-5; *see also id.* 11:11-21.)

Now before the court is Mr. Hamilton's renewed emergency motion for bond. (*See* Letter Mot. for Bond ("Mot. 2") (Dkt. 45); Supp. Letter Mot. for Bond ("Supp. Mot.") (Dkt. 47).) The Government opposes the application for the reasons set forth in its opposition to Mr. Hamilton's prior emergency application. (*See* Gov't Letter in Opp. (Dkt. 46).) Mr. Hamilton has waived his right to a hearing on this motion. (Supp. Mot.) For the following reasons, the motion is DENIED.

Because Mr. Hamilton has been charged with violations of the Controlled Substances Act for which the maximum penalty is life imprisonment or death, there is a rebuttable presumption that Mr. Hamilton poses both a danger to the community and a flight risk. 18 U.S.C. § 3142(e)(3). Where the presumption of detention attaches, the "defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

Notwithstanding this limited burden, Mr. Hamilton does not seriously endeavor to rebut the presumption that he poses a danger to the community beyond noting that the crimes alleged in the indictment were committed nearly 30 years ago and the fact that, since his release from state custody in 2003, Mr. Hamilton's interactions with the criminal justice system have been few and limited to relatively minor offenses (Supp. Mot. 2 at 2.) Notwithstanding, the court concludes that Mr. Hamilton has not met his burden to rebut the presumption of danger to the community that attaches based on the acts with which Mr. Hamilton has been charged, *i.e.* murdering two people in public places, in one incident himself, and in the other incident by hiring others. That

presumption is further bolstered by Mr. Hamilton's lengthy criminal record, as set forth in the sealed pretrial services report.

And, in any event, even if the court were to agree that Mr. Hamilton had successfully rebutted the presumption that he constitutes a danger to the community and that the Government had failed to meet its evidentiary burden to establish the same, Mr. Hamilton has not presented evidence to rebut the presumption that he poses risk of flight. That presumption is particularly strong in this case given his criminal history and the fact that he faces a maximum penalty of life imprisonment or death. *See United States v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987) ("[P]ossibility of a severe sentence" and "extensive criminal history" both factors that weigh in favor of detention). The court also notes that Mr. Hamilton's prior conviction for witness intimidation further supports pretrial detention. *See* 18 U.S.C. § 3142(f)(2)(B).

Finally, Mr. Hamilton argues that, in light of his advanced age and medical conditions, the ongoing COVID-19 pandemic constitutes "another compelling reason" to permit his temporary release under 18 U.S.C. 3142(i)(4). (Mot. 1 at 8-10; Supp. Mot.) This provision has been used sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries. *See, e.g., United States v.* Scarpa, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting release of defendant suffering from terminal AIDS that could no longer be managed by correctional authorities); *see also United States v. Stephens*, __ F. Supp. 3d __, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) (permitting release of defendant due to COVID-19 pandemic). While the court is mindful of Mr. Hamilton's concerns, it does not believe that the COVID-19 outbreak—at this point in time—constitutes a sufficiently compelling reason to justify release under the circumstances of this case.

Mr. Hamilton does appear to fall within a higher-risk cohort should he contract COVID-19; however, he does not suffer from

any pre-existing respiratory issues and his medical conditions appear to have been well managed over the course of the past fourteen months of incarceration. Further, and perhaps most importantly, as of this writing, there have been no reported incidents of COVID-19 within MDC, and the Bureau of Prisons is taking system-wide precautions to mitigate the possibility of infection within its facilities. As such, given the risks that Mr. Hamilton's release would pose, the court concludes that the possibility of an outbreak at MDC is not a "compelling circumstance" justifying his release.

Accordingly, Mr. Hamilton's (Dkt. 45) Motion for Bond is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
March 20, 2020

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge